OPINION
Defendant-appellant, Mark Stockhoff, appeals his conviction and sentence in the Butler County Court of Common Pleas for burglary. We affirm the decision of the trial court.
On March 15, 2001, Dawn Burke was home with her three children at 3163 Wilbraham Road in Middletown. Around 3:30 a.m., she was awakened by a loud banging in the area of her living room. Upon investigating, she found that appellant, apparently intoxicated, had kicked in her front door. Appellant was a stranger to her and did not have permission to enter her apartment. Burke yelled out to appellant, ordering him to leave and informing him that she had telephoned the police.
In reality she had not contacted the police because the apartment did not have a telephone. Appellant, who lived across the street at 3162 Wilbraham, told her that he was only trying to get home and that "we're wet heads." Appellant left the apartment, only to return a few minutes later. However, Burke remained behind her closed bedroom door. She again yelled to appellant that the police were on the way and that he should leave.
In fact, a neighbor had phoned the police. A few minutes later, Middletown Police Officers James Wilcox and David Creech arrived at the apartment building. Burke described appellant to the officers. They found that the door to the neighboring apartment had also been kicked in and was standing ajar. The officers found appellant inside that apartment.
He was arrested and indicted on a charge of burglary, a violation of R.C. 2911.12(A)(4). Appellant was found guilty by a jury, and sentenced by the court to serve seventeen months in prison. He appeals, raising two assignments of error.
Assignment of Error No. 1:
 The Trial Court Erred in Convicting Stockhoff of Burglary Against the Manifest Weight of the Evidence.
In order for an appellate court to reverse a conviction on the basis that the verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact-finder's resolution of any factual issue. State v. Thompkins (1997),78 Ohio St.3d 380, 389. The reviewing court, examining the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175.
The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Appellant was convicted of burglary, a violation of R.C. 2911.12, which states:
 (A) No person, by force, stealth, or deception, shall
* * *
 (4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
 Trespass is prohibited by R.C. 2911.21(A)(1), which provides that "[n]o person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another[.]" Accordingly, in order to establish the trespass element of burglary, the state was required to present evidence that appellant acted with a "knowing" mental state. Appellant contends that he was unable to form the requisite mental state due to his voluntary intoxication.
In Ohio, prior to October 2000, evidence of voluntary intoxication was available as an affirmative defense in instances where a defendant was charged with a specific intent crime and could demonstrate that he was "so intoxicated as to be mentally unable to intend anything." State v.Otte (1996), 74 Ohio St.3d 555, 564. However, pursuant to R.C.2901.21(C), as amended effective October 27, 2000, "voluntary intoxication may not be taken into consideration in determining the existence of a mental state that is an element of a criminal offense." Accordingly, the defense of voluntary intoxication is no longer applicable. Appellant's contention that his conviction is against the manifest weight of the evidence because he was unable to form the requisite intent due to his voluntary intoxication is without merit.
Reviewing the totality of the record, we do not believe the jury lost its way. See Thompkins, 78 Ohio St.3d at 387. The first assignment of error is overruled.
Assignment of Error No. 2:
 The Trial Court Erred in Sentencing Stockhoff to an [sic] 17-Month Term of Imprisonment.
In his second assignment of error, appellant contends that the trial court failed to make findings necessary pursuant to R.C. 2929.13(B) to sentence him to a prison term.
R.C. 2929.13(B) governs the sentencing of an offender who commits a fourth or fifth-degree felony. The statute does not create a presumption that an offender who commits a fourth or fifth-degree felony should be sentenced to community control rather than prison. Rather, the statute gives general guidance and a disposition against imprisonment for such offenders. See State v. Carr (Jan. 31, 2000), Butler App. No. CA99-02-034, unreported.
R.C. 2929.13(B) provides a trial court with two means of imposing a prison term. The trial court is required first to determine whether any of the factors enumerated in R.C. 2929.13(B)(1) are applicable. If the court finds that at least one of the factors is applicable, the court then reviews whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.13(B)(2)(a). If the trial court determines that the offender is not amenable to community control, and that a prison term is consistent with R.C. 2929.11
purposes and principles of felony sentencing, the court is then required to impose a prison term. R.C. 2929.13(B)(2)(a).
However, a trial court's failure to find one of the enumerated imprisonment factors in R.C. 2929.13(B)(1) does not preclude it from imposing a prison sentence for a fourth degree felony. See Carr at 5. A prison term may also be imposed when the trial court concludes that a community control sanction is not consistent with the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11. R.C.2929.13(A); Carr at 6.
In the instant case, the trial court determined that one of the R.C.2929.13(B)(1) factors was applicable, namely, that appellant had a "prior probation failure due to prior alcohol related charges." As well, the trial court found that a community control sanction would be inconsistent with the purposes and principles of felony sentencing. The trial court specifically found that appellant was not amenable to community control due to the great likelihood of recidivism, based upon his history of alcohol-related offenses. Upon review of the record, we find that the trial court made the requisite findings to justify the imposition of a prison term pursuant to R.C. 2929.13(B).
Appellant also contends that the trial court failed to make the findings necessary to sentence him to a prison term in excess of the statutory minimum.
The trial court must impose the minimum term for an offender who, like appellant, has not previously served a prison term unless it finds on the record either that a minimum sentence would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B). When a court imposes a prison term greater than the minimum, it does not need to specify its underlying reasons on the record. State v. Edmonson (1999),86 Ohio St.3d 324, syllabus. Rather, it is sufficient that the record reflects that the court engaged in the statutory analysis and found either or both of the R.C. 2929.14(B) exceptions warranted a sentence greater than the minimum.
In the present case, the trial court specifically found in its judgment entry sentencing appellant that "[t]he shortest prison term will demean the seriousness of the defendant's conduct," and that "[t]he shortest prison term will not adequately protect the public from future crime by the defendant[.]" The trial court made similar findings on the record at the sentencing hearing and, although not required to do so, provided supporting reasons for its decision. Accordingly, the trial court's decision to sentence appellant to a term greater than the minimum prison term is supported by the record and is not contrary to law. The assignment of error is overruled.
Judgment affirmed.
POWELL and VALEN, JJ., concur.